# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| CAMERON SANFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action File No. |
| | ) | |
| | ) | 5:21-cv-00362-TES |
| STEVEN HOOD and HERMES | ) | |
| RODRIGUEZ-ALVARODO, each | ) | |
| In their individual and official capacities | ) | |
| | ) | |
| Defendants. | ) | |

## RESPONSE TO ORDER TO SHOW CAUSE

COMES NOW, the undersigned counsel, and hereby submits their Response to the Court's Order to Show Cause and shows the following.

## FACTUAL BACKGROUND

1.

Plaintiff's counsel Jordan Johnson, of Bernard & Johnson, LLC (hereinafter "the Firm"), engaged in an attorney-client relationship with Plaintiff Cameron Sanford on or about July 3, 2019 when Plaintiff returned a signed attorney-client agreement ("Agreement") with the Firm.

2.

Plaintiff engaged the Firm to represent Plaintiff in a constitutional rights claim, and any related state law claims, against the law enforcement officers, whose names were unknown at the time, who unlawfully arrested, strip-searched, probed, and held Plaintiff in June of 2019 as part of a traffic stop, per the Complaint.

Plaintiff Sanford gave extensive information to the Firm while he was alive regarding what happened to him and the basis for the Complaint.

3.

Plaintiff Sanford provided cell phone video of the traffic stop where he was attacked by Defendants to the Firm. Plaintiff's counsel thought it was prudent to gather additional information in order to prepare the claim, including but not limited to the identities of the police officers and any and all government video and documentation related to the stop.

4.

Counsel and Plaintiff also knew that a case against the driver of the vehicle, Jasmine Silas, was pending for a misdemeanor traffic violation. Plaintiff was friends with Ms. Silas, and Plaintiff and his counsel were both aware that filing suit while the charges were pending against Ms. Silas would likely have unfavorably affected the State's dealings with Ms. Silas, including potentially additional

charges, and the decision was made to wait to file the lawsuit at Counsel's discretion.

5.

Counsel Johnson and Plaintiff had extensive discussions regarding this case immediately following engagement where Plaintiff made it clear that he wished Plaintiff's counsel to file suit and authorized counsel to do so, as well as gave all necessary details as to what occurred to him. Plaintiff had provided enough information to file suit immediately after engaging the Firm.

6.

The Firm did not receive police and CAD reports or video evidence in response to open records requests until February of 2021.

7.

All facts alleged in the complaint were provided by Plaintiff or supported by the evidence gathered through open records requests or from video provided by Plaintiff or his contacts.

8.

Counsel emailed a copy of the complaint to Plaintiff in the days immediately prior to filing, which was drafted based on Plaintiff's statements to his Counsel in

combination with other evidence gathered by the Firm, and asked for Plaintiff to respond if anything in the Complaint contained any inaccuracies.

9.

Counsel did not hear back from Plaintiff, so therefore believed that there were no inaccuracies in the Complaint. This seemed reasonable and normal to Counsel, as the entire Complaint was drafted based on Plaintiff's statements and other evidence.

10.

Counsel, at the time of filing, did not realize or even contemplate that Plaintiff had died, or that the lack of response was due to Plaintiff's death.

11.

Plaintiff's counsel filed suit on or about September 3, 2021 in the Superior Court of Peach County, pursuant to the permission granted by Plaintiff during his life.

12.

Plaintiff's counsel believed that Plaintiff was alive, and therefore believed the case had to be filed and served prior to the statute of limitations in October of 2021.[1]

13.

No representative of Plaintiff, nor his family, reached out to counsel to inform counsel of Plaintiff's untimely passing.

14.

Counsel believed that, given the fact that Plaintiff had authorized filing the claim on his behalf and the statute of limitations approaching, it would have been professional malpractice not to file suit, as failing to do so would have barred the claim if client were still alive, which was understood to be the case by counsel at the time of filing.

15.

It was not until counsel made multiple unsuccessful attempts to contact Plaintiff for purposes of answering discovery requests that Plaintiff's unfortunate

---

[1] Plaintiff's counsel was inadvertently incorrect on the calculation of this statute of limitations, since the unknown death of Plaintiff would have tolled the statute of limitations until an Estate is created and an Administrator appointed.

passing was discovered by the Firm in April of 2022, and Counsel Burton filed a suggestion of death with the Court, and also notified Defense counsel.

16.

Defendants' counsel had made a settlement offer to Plaintiff, through Plaintiff's counsel.

## **DISCUSSION/ARGUMENT**

Plaintiff's counsel regrets that suit was filed on behalf of someone who had passed away, and is saddened by the loss of Plaintiff Sanford. It would have been beneficial to all if Plaintiff's death had been discovered sooner, as it would have delayed the case being filed and not used judicial resources, especially given the deaths caused during the time period in question from COVID-19.

Plaintiff's counsel, however, does not believe that any court rules or law were violated by counsel's actions. Plaintiff's counsel did not conceal or act with anything but candor with the Court, and was attempting to operate with professionalism. Plaintiff's counsel did not know Plaintiff had died, and it is not uncommon in Plaintiff's experience for clients who have suffered abuse from government agents to not check in regularly with the Firm, especially if they have already provided all information needed to file suit and are relatively young.

Plaintiff's counsel did talk with Plaintiff and relied on Plaintiff for the factual basis of the Complaint. Plaintiff's counsel believed Plaintiff was alive, and Plaintiff and Plaintiff's counsel had agreed on an intentional delay in filing the case.

The Complaint and all pleadings were based on information personally from Plaintiff or documents or video gathered that supported Plaintiff's statements, and there was no reason to believe Plaintiff's counsel was doing anything other than representing Plaintiff in a viable lawsuit.

Therefore, Plaintiff's counsel humbly requests that the Court not issue sanctions under Rule 11 since Plaintiff's counsel did make reasonable inquiry into the factual basis of the Complaint prior to filing the lawsuit in Peach County Superior Court.

The Firm received extensive information from Plaintiff and gathered video, and the factual basis of the Complaint was true to the best of counsel's knowledge at the time of filing, and was true when the information was gathered, despite his continued life being later proven incorrect when the Firm discovered his death.

At the time of filing, Plaintiff's counsel reasonably did not believe that a specific additional inquiry as to Plaintiff's continued life was necessary, given Plaintiff's relatively young age of 32. Plaintiff's counsel had indications that

Plaintiff was alive prior to filing, specifically, the fact Plaintiff's counsel had previous conversation with Plaintiff and did not receive any communication or discover any knowledge to the contrary prior to April 2022.

Additionally, Plaintiff's counsel humbly requests not being sanctioned under 28 U.S.C. § 1927 because while Plaintiff's counsel may have contributed to an embarrassing and regrettable outcome (i.e. having filed suit on behalf of someone who was dead at the time), the action itself of filing a suit in the Superior Court of Peach County before the statute of limitations had run, and continuing to pursue that case upon removal to the Middle District of Georgia, based on information from the Plaintiff, was neither unreasonable nor vexatious.

Plaintiff, besides for being dead, had a true and viable claim for damages based on the violation of his rights which he requested be adjudicated.

Plaintiff's counsel, upon learning of Plaintiff's death, notified the Court in a timely manner, and even was encouraging Plaintiff's next of kin to have an estate established, hoping that such an estate could then consider Defendants' settlement offer.

Plaintiff's claims were certainly not vexatious, neither meant to cause harm or waste the time of Defendants or the Court.

Simply put, Plaintiff's counsel regrets not having known Plaintiff had passed away until April of 2022, and did not realize it until the Firm was attempting to get ahold of Plaintiff to conduct discovery in early 2022.

## **CONCLUSION**

THEREFORE, Plaintiff's counsel, having spent substantial time and effort on a deceased Plaintiff's behalf, is now keenly aware of the possibility of clients, even young clients, passing away prior to filing suit. Counsel respectfully requests that the Honorable Court withhold sanctions, as Plaintiff's counsel acted in good faith in filing suit, having had full authority to do so without knowledge or indica of Plaintiff's passing.

Respectfully submitted this 12th day of January, 2023.

/s/ Jordan "Alex" Johnson
Jordan "Alex" Johnson
Georgia State Bar No. 673643

Jessica Burton
Georgia State Bar No. 196253
Attorney for Plaintiff

5 Dunwoody Park
Suite 100
Atlanta, GA  30338
404.477.4755

404.592.9089 (Fax)
Jessica@Justice.Law

# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| CAMERON SANFORD, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> STEVEN HOOD and HERMES ) <br> RODRIGUEZ-ALVARODO, each ) <br> In their individual and official capacities ) <br> ) <br> Defendants. ) | Civil Action File No. <br><br> 5:21-cv-00362-TES |

## CERTIFICATE OF SERVICE

This is to certify that on the 12th day of January, 2023, I served Defense Counsel with a copy of the foregoing **Response to Show Cause** *via* e-mail to the e-mail on file the CM/ECF filing system or through being served by placing a copy in the U.S. Mail, postage prepaid, to:

Frances L. Clay
Chambless, Higdon, Richardson, Katz & Griggs, LLP
Highridge Centre
3920 Arkwright Road, Suite 405
P.O. Box 18086
Macon, GA 31210
fclay@chrkglaw.com
Attorney for Defendants

/s/ Jordan "Alex" Johnson

Jordan "Alex" Johnson
Georgia State Bar No. 673643
Attorney for Plaintiff

Jessica Burton
Georgia State Bar No. 196253
Attorney for Plaintiff

5 Dunwoody Park
Suite 100
Atlanta, GA  30338
404.477.4755
404.592.9089 (Fax)
Alex@Justice.Law
Jessica@Justice.Law